J-S55034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TORRENCE L. FORD, | : | |
| | : | |
| Appellant | : | No. 505 WDA 2015 |

Appeal from the Order Entered March 4, 2015,
in the Court of Common Pleas of Crawford County,
Criminal Division, at No.: CP-20-CR-0000413-2011

BEFORE:    FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED OCTOBER 6, 2015**

Torrence L. Ford (Appellant) appeals *pro se* from the order entered March 4, 2015, dismissing his "Motion for Reconsideration of Sentence," which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

Appellant pled guilty on November 3, 2011, to one count of possession with intent to deliver (PWID) (cocaine).  On March 6, 2012, Appellant was sentenced to a mandatory 5 to 10 years of incarceration pursuant to 42 Pa.C.S. § 9712.1.[2]  Appellant did not file a post-sentence motion or a direct appeal.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] As explained by the PCRA court, "[s]entencing conformed to [Appellant's] plea agreement, whereby [Appellant] accepted the minimum sentence mandated where PWID is committed with a firearm, 42 Pa.C.S § 9712.1(a),

*Retired Senior Judge assigned to the Superior Court.

Appellant's first PCRA petition, filed January 22, 2013, resulted in no relief. **Commonwealth v. Ford**, 104 A.3d 55 (Pa. Super. 2014). Appellant filed the "Motion for Reconsideration of Sentence" at issue in this appeal on January 9, 2015. Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal pursuant to **Alleyne v. United States**, --- U.S. ---, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and, therefore, must be determined beyond a reasonable doubt by a jury).

On February 10, 2015, the PCRA court issued a memorandum explaining that it would treat Appellant's motion as a PCRA petition,[3] as well as an order providing notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response in opposition, and on March 4, 2015, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.

Appellant presents two issues for our consideration: "Did the [PCRA] court commit and err [sic] of law in dismissing Appellant's [PCRA petition] in

---

and the Commonwealth agreed not to aggregate this sentence with the mandatory three[-]year minimum sentence for trafficking 27.7 grams of cocaine, 18 Pa.C.S. § 7508(a)(3)(ii)." Memorandum and Order, 2/10/2015, at 1-2.

[3] **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ny motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition.").

light of recent Superior Court case law?," and "Did the trial court impose an unconstitutional mandatory minimum sentence?" Appellant's Brief at 5 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

Here, Appellant was sentenced on March 6, 2012. Because he did not file a post-sentence motion or direct appeal, his judgment of sentence became final on April 6, 2012. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Thus, Appellant had until April 8, 2013, to file timely his second PCRA

petition.[4]  He did not do so.  Accordingly, Appellant had to plead and prove one of the following exceptions to the timeliness requirement:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant appears to contend that his petition is timely filed because his first PCRA petition was pending at the time ***Alleyne*** was decided.[5,6] Motion for Reconsideration of Sentence, 1/9/2015, at unnumbered page 1. Appellant's argument is unavailing.  This Court has held that "***Alleyne*** will be applied to cases pending on **direct appeal** when ***Alleyne*** was issued," but does not apply retroactively to cases on collateral review.

---

[4] We observe that April 6, 2013, fell on a Saturday; thus, Appellant's PCRA petition was due by Monday, April 8, 2013.  **See** 1 Pa.C.S. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

[5] ***Alleyne*** was decided on June 17, 2013.

[6] Presumably, Appellant is alleging that his petition satisfies the exception set forth in subsection 9545(b)(1)(iii).

*Commonwealth v. Riggle*, --- A.3d ---, 2015 WL 4094427 at \*4-\*6 (Pa. Super. filed July 7, 2015) (citing *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014)) (emphasis added); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (noting neither Pennsylvania Supreme Court nor United States Supreme Court has declared that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final). Thus, it is of no moment that Appellant's first PCRA petition was pending at the time *Alleyne* was decided.[7]

Because Appellant's second PCRA petition was untimely filed, the PCRA court properly dismissed the petition. Accordingly, we affirm the court's order.

Order affirmed.

---

[7] We further observe that

> an issue pertaining to *Alleyne* goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.* However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.

*Miller*, 102 A.3d at 995 (internal quotation marks and citations omitted). Because Appellant's PCRA petition was filed untimely, we lack jurisdiction to engage in review of Appellant's claim.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/6/2015